**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEDITERRANEAN SHIPPING COMPANY (USA) INC., <br><br> Plaintiff, <br><br> v. <br><br> SHANDEX CORPORATION, <br><br> Defendant. | Civil Action No.: 16-2595-CCC-JBC <br><br> **AMENDED MEMORANDUM OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court by way of motion of Defendant Shandex Corporation ("Defendant" or "Shandex") to dismiss the Complaint of Plaintiff Mediterranean Shipping Company (USA) Inc. ("Plaintiff" or "MSC") for lack of subject matter jurisdiction, failure to state a claim, and failure to join necessary parties pursuant to Federal Rules of Civil Procedure 12(b)(1), (6), and (7). ECF No. 8. Plaintiff opposes the motion. ECF No. 10. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. It appearing that:

1. Plaintiff is a common carrier by water engaged in interstate and foreign shipping. ECF No. 1 at 2. Plaintiff allegedly transported bright ring wire collated coil ("cargo") during 2015 for the benefit of Defendant. Id. Plaintiff alleges that Defendant owes Plaintiff $29,729.51 for these shipments, allegedly evidenced by three invoices, with corresponding sea waybills ("bills of lading"). ECF No. 1 at 6-12. Each invoice is made billable to Defendant. ECF No. 1 at 7, 9, 11. Each sea waybill lists Lithuanian company Litnaglis UAB ("Litnaglis"), not a party to this action, as shipper and Defendant as consignee. ECF No. 1 at 8, 10, 12.

2. Defendant is a New Jersey corporation that imports various hardware products from sellers globally. ECF No. 6 at 1. During 2015, Defendant contracted with Litnaglis for the purchase and transport of cargo from Lithuania to the United States, as evidenced by purchase orders between Defendant and Litnaglis. Id.; ECF No. 6-1 at 1-6. Defendant allegedly paid Litnaglis in full for the shipments, as evidenced by purchase orders between Defendant and Litnaglis and bank remittance slips indicating payment. ECF No. 6-1 at 1-6.[1]

3. On May 9, 2016, Plaintiff filed the Complaint bringing six causes of action for Money Due Under Tariff and Service Contracts (Count One), Breach of Written Contract (Count Two), Unjust Enrichment (Count Three), Quantum Meruit (Count Four), Account Stated (Count Five), and Attorney Fees (Count Six). ECF No. 1. On August 5, 2016, Defendant moved to dismiss. ECF No. 8. On August 24, 2016, Plaintiff opposed the motion. ECF No. 11. On September 7, 2016, Defendant replied to Plaintiff's opposition. ECF No. 12.

4. For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded

---

[1] Plaintiff argues that the Court should exclude the Li Declaration and exhibits submitted in support of Defendant's motion to dismiss for purposes of deciding the motion. On a motion to dismiss, the Court may consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and undisputedly authentic documents upon which the plaintiff's complaint is based. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). A document satisfies the latter category even where the complaint does not cite or "explicitly rely[]" on it; "[r]ather, the essential requirement is that the plaintiff's claim be 'based on that document." Brusco v. Harleysville Ins. Co., No. CIV.A. 14-914 JEI/JS, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).

2

factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). As indicated above, a court may consider matters of public record and documents integral to the complaint. See supra, at 2 n.1.

5. Fed. R. Civ. P. 12(b)(7) permits a court to dismiss a complaint for failure to join a required party under Fed. R. Civ. P. 19. The court must initially determine whether the non-joined party should be joined according to the Rule 19(a) standard. Gen. Refractories Co. v. First Sale Ins. Co., 500 F.3d 306, 312 (3d Cir.2007). Rule 19(a)(1) provides that a person shall be joined when "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action . . ." Fed. R. Civ. P. 19(a)(1). If a party should be joined, a court must determine whether joining the party is feasible under Rule 19(a). Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir.1993). "If the party should be joined but joinder is not feasible because it would destroy diversity, the court must then determine whether the absent party is 'indispensable' under Rule 19(b)." Id. In reviewing a Rule 12(b)(7) motion to dismiss, the court must accept all factual

allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 Fed.Appx. 803, 805 (3d Cir. 2003). The burden of proof falls to the moving party. Develcom Funding, LLC v. Am. Atl. Co., No. CIV. 09-1839 (RMB), 2009 WL 2923064, at *2 (D.N.J. Sept. 9, 2009). When making a Rule 19 determination, a court may consider evidence outside of the pleadings. YSM Realty, Inc. v. Grossbard, No. CIV.A. 10-5987 JLL, 2011 WL 735717, at *2 (D.N.J. Feb. 23, 2011).

6. Plaintiff's first and second claims arise under maritime law for money due under tariff and service contracts and for breach of written contract. Defendant argues that maritime law bars liability of a party to a bill of lading unless the party consents to be bound, and that Defendant, as "merely a consignee" to the bills of lading at issue, did not consent to be bound. ECF No. 7 at 9. Plaintiff provided bills of lading that list Defendant as consignee, ECF No. 1 at 8, 10, 12, but Defendant argues it was not aware it was listed as consignee. ECF No. 12 at 5. Whether Defendant is liable as consignee appears to rest on factual issues, not suited at this point to dismissal on a motion to dismiss.

7. Defendant further argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining claims, or in the alternative should dismiss these claims on the merits. Given that the first and second claims are permitted to proceed, and that the third, fourth, and fifth claims appear to be alternate theories for recovery, the Court will not decline to exercise supplemental jurisdiction over the latter claims at this stage of the proceedings. Accordingly, the third, fourth, and fifth claims may proceed with the Court's reservation to reexamine supplemental jurisdiction should further development of the case warrant.

8. Plaintiff's sixth claim is for attorney's fees stemming from the terms of the alleged maritime contract at issue. Any determination of this claim depends upon the interpretation of

4

Defendant's liability as consignee. Thus, since the underlying claim is permitted to proceed, the Court finds that Plaintiff has stated a claim so as to survive a motion to dismiss.

9. Defendant also contends that two non-parties, Litnaglis and 2PL, are necessary parties under Rule 12(b)(7). ECF No. 7 at 10. As neither have "claim[ed] an interest" in this action, the Court need only examine whether complete relief can be accorded among the existing parties in their absence under Rule 19(a)(1)(A). YSM Realty, Inc., 2011 WL 735717, at *2. It appears that complete relief can be accorded among the existing parties, insofar as to survive a motion to dismiss, to the extent the pleadings allege Defendant is fully liable as consignee. Therefore, the Court denies Defendant's Rule 12(b)(7) motion. The court may revisit the issue of joinder if discovery brings additional facts to light. Id.

Accordingly, it is on this ___23___ day of March, 2017,

**ORDERED** that Defendant's motion to dismiss (ECF No. 8) is **DENIED**.

_____
CLAIRE C. CECCHI, U.S.D.J.